E-FILED
Thursday, 19 September, 2024 04:48:30 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| YURI SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CATERPILLAR, INC. d/b/a CATERPILLAR LOGISTICS SERVICES, LLC,<br><br>Defendant. | Case No. 2:24-cv-2216 |

**DEFENDANT'S NOTICE OF REMOVAL**
**PURSUANT TO 28 U.S.C. §§ 1331, 1441 & 1446**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Caterpillar Inc.[1] ("Defendant") hereby removes to the United States District Court for the Central District of Illinois, Urbana Division, the civil action pending against it in the Fifth Judicial Circuit Court of Vermilion County, Illinois captioned *Yuri Smith v. Caterpillar, Inc. d/b/a Caterpillar Logistics Services, LLC*. In support of removal, Defendant states as follows:

## I. Introduction

1. On August 20, 2024, Plaintiff Yuri Smith filed an Amended Complaint against Defendant Caterpillar Inc. in the Fifth Judicial Circuit of Illinois, Vermilion County. In his Amended Complaint, Plaintiff alleges Defendant terminated his employment in violation of Title VII, 42 U.S.C. §§ 2000e *et seq*. (Counts I, III); the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (Count V); and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*. (Counts II, IV). Plaintiff served Defendant with summons on August 29, 2024 and August 30, 2024. This

[1] Plaintiff has incorrectly named Caterpillar Inc. as "Caterpillar, Inc."

removal is therefore timely and complies with 28 U.S.C. §§ 1441, 1446, as this court has original jurisdiction over Plaintiff's federal claims and supplemental jurisdiction over his related state law claims.

## II. Background and Proceedings in State Court

2. This case has a challenging procedural history. Of import, Plaintiff did not make Defendant Caterpillar Inc. a defendant in his employment-discrimination lawsuit until Plaintiff filed his Amended Complaint on August 20, 2024, and Plaintiff did not serve Defendant with summons until August 29, 2024 or August 30, 2024—making the instant removal timely. Defendant offers the additional information below to assist this Court's review of the record.

3. On November 11, 2023, Plaintiff Yuri Smith ("Plaintiff") filed an employment discrimination lawsuit in the Fifth Judicial Circuit Court of Vermilion County, Illinois captioned *Yuri Smith v. Caterpillar Logistics Services, LLC*, Civil Action No. 2023-LA-000070. *See* (Ex. 1) (Original State Court Complaint).

4. The captioned defendant for Plaintiff's original Complaint was "Caterpillar Logistics Services LLC." (Ex. 1). However, Plaintiff's original complaint actually sued a company called Neovia Logistics Services LLC, which was *formerly* known as Caterpillar Logistics Services LLC. Since 2012, Caterpillar Logistics Services LLC has been called Neovia Logistics Services LLC, and significantly, it is not a part of Defendant Caterpillar Inc. *See* (Ex. 2) (Illinois Secretary of State listing for Neovia, noting Caterpillar Logistics Services LLC was a former name); "Our History," NEOVIA LOGISTICS SERVICES, *available at* https://neovialogistics.com/about-us/ (last accessed Sept. 5, 2024) (noting Neovia became in independent company in 2012); (Ex. 8) (Declaration). Defendant Caterpillar Inc. was *not* a named defendant in Plaintiff's original complaint.

5. Around December 12, 2023, Plaintiff served Neovia Logistics Services LLC, f/k/a Caterpillar Logistics Services LLC at Neovia's registered agent in Chicago, Illinois. (Ex. 1, p.1) (showing service was to the attention of Neovia Logistics Services and sent to Neovia's registered agent in Chicago, IL); (Ex. 2) (listing Neovia's registered agent); (Ex. 7, p.12 of 40) (showing "Caterpillar Logistics Services, LLC" was served at Neovia's registered agent). *Cf.* (Ex. 8) (Declaration) (establishing Defendant's registered agent is in Springfield, Illinois).

6. Plaintiff did *not* serve a copy of his original Complaint on Defendant. Accordingly, Plaintiff neither named Defendant in, nor served Defendant with, his original Complaint.

7. On April 17, 2024, Plaintiff filed for a Default Judgment against Neovia, f/k/a Caterpillar Logistics Services LLC. (Ex. 3) (Motion for Default).

8. On July 11, 2024, Plaintiff also filed a Notice of Hearing for Default Judgment and a Motion to Appear Remotely. (Ex. 4). The Notice identified defense counsel as Ms. Wendy Wang, Associate General Counsel for Neovia. The hearing on the Motion for Default was scheduled for August 20, 2024.

9. Around July 24, 2024, Defendant Caterpillar Inc.'s registered agent received in the mail a copy of Plaintiff's Notice of Motion for Default and Motion to Appear Remotely. (Ex. 4, p.7) (shipping envelope). This was the first information Defendant received about Plaintiff's lawsuit. The mailing did not include a copy of the Complaint, Summons, or the Motion for Default itself.

10. On August 20, 2024, the Court denied Plaintiff's Motion for Default against Neovia, f/k/a Caterpillar Logistics Services LLC. *See* (Ex. 5) (Docket entry dated August 20, 2024). Out of a surplus of caution, the undersigned counsel informally attended this hearing as a

representative of Caterpillar Inc. even though Plaintiff had not served Caterpillar with summons.

11. On August 20, 2024—and after the hearing on Plaintiff's Motion for Default—Plaintiff filed his Amended Complaint, for the first time naming Caterpillar Inc. as a defendant, and replacing Neovia f/k/a Caterpillar Logistics Services, LLC. (Ex. 6). Neovia is no longer a party to Plaintiff's lawsuit.[2]

12. Like Plaintiff's original Complaint, the Amended Complaint alleged Plaintiff was terminated from his employment contrary to Title VII (Counts I and III), the Illinois Human Rights Act (Counts II and IV) and the Americans with Disabilities Act (Count V).

13. Around August 29, 2024 and August 30, 2024, Plaintiff served Defendant Caterpillar Inc.'s registered agent with a copy of the Amended Complaint. (Ex. 6, p.1). Before these dates, Plaintiff never served Defendant in this matter.

14. Exhibit 7 comprises all filings to date within the state court proceeding. These filings were received directly from the state court at Defendant's request after receiving summons. Exhibit 5 is a copy of the Illinois court's docket. Fed. R. Ev. 201.

## III. Timeliness of Removal

15. Pursuant to 28 U.S.C.§ 1446, a defendant has thirty days to remove to federal court from one of two triggering events: (1) receipt of the complaint, if the pleading is facially removable; or, if the complaint is not facially removable then (2) receipt of "an amended

[2] Given that Plaintiff's decision to omit Neovia from the pleading pre-dates removal, Illinois law applies. Fed. R. Civ. P. 81(c)(1). Under Illinois law, omitting a prior party from a subsequent pleading is treated as a voluntary dismissal of that party. *See, e.g.*, *Artoe v. Navajo Freight Lines, Inc.*, 65 Ill. App. 3d 119, 126–27 (1st Dist. 1978) (noting a plaintiff could have voluntarily dismissed certain defendants without prejudicing his other claims, and noting Plaintiff "had used this device when he discontinued his action against [other defendants] by omitting them from [Plaintiff's] third amended complaint."); *Moore v. Knupp*, 2022 IL App (5th) 210118-U, ¶35 (unpublished) (noting that a plaintiff's unilateral decision to omit prior defendants from a subsequent complaint was akin to voluntarily dismissing the omitted defendants).

pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1),(3). This former circumstance is applicable here.

16. On August 30, 2024, Plaintiff served Defendant with a copy of his Amended Complaint. Defendant therefore had 30 days from August 30, 2024 to remove to federal court. 28 U.S.C. § 1446(b)(2)(B).

17. This Notice of Removal is timely, as Defendant has filed it within 30 days of being served. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347–48 (1999) (stating that a defendant's time to remove is not triggered absent service of process, and this requirement is not met by "mere receipt of the complaint unattended by any formal service").

**IV. This Court has federal-question and supplemental jurisdiction.**

18. Removal is appropriate because this Court has federal question jurisdiction over Plaintiff's Title VII and ADA claims, and supplemental jurisdiction over Plaintiff's claims under the Illinois Human Rights Act. 28 U.S.C. §§ 1331, 1367(a), 1441(a).

19. Under Section 1441(a)—and subject to exceptions not applicable here—"any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

20. This Court has original jurisdiction over three of Plaintiff's five claims. Plaintiff expressly asserts two counts under Title VII, and one count under the Americans with Disabilities Act. (Ex. 6, Counts I, III, V). This satisfies federal-question jurisdiction. 28 U.S.C. § 1331; 28 U.S.C. § 1441(a).

21. This Court has supplemental jurisdiction over Plaintiff's state claims. Plaintiff has

two counts under the Illinois Human Rights Act, both of which concern the same transaction/occurrence as Plaintiff's federal law claims—i.e., Plaintiff's termination and Defendant's underlying justification. (Ex. 6, ¶¶ 4, 7–14, 24, 35, 62, 73). Thus, Plaintiff's claims under the Illinois Human Rights Act are part of the same case/controversy under Article III, and this Court "shall" have supplemental jurisdiction over them. 28 U.S.C. § 1367(a).

22. Accordingly, this case is removable under 28 U.S.C. § 1441 on the basis of federal-question and supplemental jurisdiction. See 28 U.S.C. § 1441(a).

## V. All procedural perquisites have been satisfied.

23. Removal was timely, as Defendant filed this Notice of Removal within 30 days after receiving service. *See* Part II, *supra*.

24. Venue is proper. This Court encompasses the Illinois court in which Plaintiff filed this action—i.e., the Fifth Judicial Circuit Court of Vermilion County, Illinois—meaning this Court is the "district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. §§ 93(b).

25. There are no co-defendants who need to consent to removal. Defendant Caterpillar Inc. is the only named defendant in the Amended Complaint.

26. Copies of all state court process, pleadings, and orders served upon Defendant are attached to this Notice, in accordance with 28 U.S.C. §1446(a). *See* (Ex. 1–7).

27. Defendant is sending prompt written notice of this Notice of Removal to Plaintiff and notifying the Clerk of the Fifth Judicial Circuit of Illinois in Vermilion County as required by 28 U.S.C. § 1446(d).

28. A Civil Cover Sheet accompanies this Notice alongside the required filing fee.

29. The undersigned has read this Notice of Removal, and to the best of the

undersigned's knowledge, information, and belief, formed after reasonable inquiry, the undersigned certifies that Defendant's factual allegations herein have evidentiary support and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. By filing this Notice of Removal, Defendant does not waive any defenses available at law, in equity, or otherwise.

**PRAYER FOR REMOVAL**

WHEREFORE, Defendant prays that this civil action be removed from the Fifth Judicial Circuit Court of Illinois in Vermilion County to the United States District Court for the Central District of Illinois, Urbana Division.

DATED: September 19, 2024

Respectfully submitted,

By: /s/ Bryan Vayr
One of Its Attorneys

Katherine Mendez, Bar No. 6297183
kmendez@seyfarth.com
Bryan Vayr, Bar No. 6327729
bvayr@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

**CERTIFICATE OF SERVICE**

I, Bryan Vayr, an attorney, certify that on September 19, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the approved electronic filing system, and also emailed and mailed a copy to Plaintiff's counsel of record at the below contact information:

Carla Aikens
*Attorney for Plaintiff*
CARLA D. AIKENS, P.L.C.
615 Griswold Street, Suite 709
Detroit, MI 48226
carla@aikenslawfirm.com
austen@aikenslawfirm.com

/s/ Bryan Vayr
Attorney for Defendant